UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


RICKEY ELLIOTT, JR.                )
            Plaintiff,             )
                                   )
                                   )
       v.                          )        CIVIL ACTION NO.
                                   )        10-10846-DPW
BOSTON POLICE DEPARTMENT,          )
JAMES ROWLEY, CITY OF BOSTON       )
LEGAL DEPARTMENT ROOM 615          )
BOSTON MA, LISA SKEHILL, ESQ.      )
            Defendants.            )


MEMORANDUM AND ORDER
March 31, 2011

In this *pro se* civil rights action, the plaintiff Rickey

Elliot, Jr. claims that Boston police officers used excessive

force to arrest him, breaking his arm in the process.  He further

claims that the police failed for four days while he was in

custody to attend to his broken arm.  The complaint is not a

model of clarity or specificity, but it appears that Elliot

claims defendant police officer James Rowley was the arresting

officer and that Rowley apologized for using excessive force.

The complaint does not specifically identify the police personnel

alleged to have been responsible for the failure to attend to

Elliot's medical needs while he was in custody.  The defendants

have moved to dismiss the defendant's amended complaint.

As to the Boston Police Department as a defendant, I will

allow the motion to dismiss.  The Police Department, which as a

matter of pleading should have been identified as the City of
Boston, *cf. Henschel v. Worcester Police Dep't*, 445 F.2d 624,
(1st Cir. 1971), is not adequately alleged to have separate
liability in this matter as a result of some policy, custom or
practice causing harm to the plaintiff. *See generally, Connick
v. Thompson*, 2011 WL 1119022, at *6-*8 (S.Ct. Mar. 29, 2011).

As to Officer Rowley, I will deny the motion to dismiss.
While the complaint does not expressly state that he was the
cause of the broken arm, the purported apology is sufficient to
state a claim of excessive force against him.

Accordingly, I hereby grant and deny in part defendant's
motion to dismiss (#13) and deny as premature plaintiff's motion
for payment in civil action (#15).  It is apparent that plaintiff
has found his physical condition as a result of the arrest and
later custodial circumstances make it difficult at this point to
identify the specific officers who he says caused him harm.  In
order to expedite discovery, I ORDER counsel for Officer Rowley
to arrange for Elliot to be provided with copies of all police
documentation, created at whatever date, reflecting upon Elliot's
arrest and his custody before he was transported for medical
treatment.  This documentation shall be provided

contemporaneously with the defendant's answer to the amended complaint.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE